

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. J. Sulak, Chairman
Public Health Committee
The Senate
Austin, Texas

Dear Sir:

Opinion No. O-3242
Re: The constitutionality of
Senate Bill No. 64 concern-
ing the fixing of minimum
prices in the barber business
by the State Board of Barber
Examiners.

You have requested as chairman of the Public Health
Committee of the Senate, the opinion of this Department upon
the constitutionality of Senate Bill No. 64. The bill would
authorize the State Board of Barber Examiners to fix minimum
prices for any and all work or services usually performed in
the barber business.

House Bill No. 194 of the 46th Legislature likewise
involved the fixing of prices in the barber business. In our
Opinion No. O-830, under date of May 25, 1939, addressed to
Governor W. Lee O'Daniel, this department held House Bill No.
194 of the 46th Legislature to be unconstitutional.

We have carefully re-examined this subject.

Section 2 of House Bill No. 194 read as follows:

"Whenever a scale of minimum prices for
barber services shall have been agreed upon,
signed, and submitted to the State Board of Bar-
ber Examiners by organized and representative
groups of barbers of at least eighty-five (85)
per cent of the licensed barbers in any county of
this State, the State Board of Barber Examiners
shall have power to approve or disapprove such
agreements and to declare and establish within
such county, by official order, the minimum
prices for any and all work or services usually
performed in barber shops."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. J. Sulak, page 2

Section 4 of Senate Bill No.64 reads as follows:

"The State Board shall have the power to conduct investigations and hearings of all conditions affecting the barber business and to promulgate rules and regulations fixing the minimum prices for any and all work or services usually performed in barber businesses and shops as will best prote ct public health, public welfare and public safety, and as will enable barbers to furnish modern and healthful service and appliances so as to minimize the dangers to public health incident to such work, taking into consideration the conditions, costs and conveniences in maintaining sanitary, healthful and clean barber shops and working conditions."

The emergency clause of House Bill No. 194, Section 18 thereof, and the emergency clause of Senate Bill No. 64, Section 21 thereof, are essentially the same, Section 21 of Senate Bill No. 64 reading as follows:

"The fact that there is at present no law regulating minimum prices of barber shops, and the fact that a condition exists in the barber business or profession which is creating an unfair, demoralizing and uneconomic competition and practice in this State, which is resulting in price cutting to the extent of limiting and preventing barbers from rendering safe and healthful service to the public, and is causing to be created an unsanitary condition, create an emergency and an imperative public necessity that the Constitutional Rule requiring all bills to be read on three several days in each House be and the same is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

It was our opinion that House Bill No. 194 was unconstitutional, as stated in our Opinion No. 0-830, because, first, there was not a discernible, substantial, and logical relation between the means adopted by the bill and the legit-

imate objects of the exercise of the police power, to-wit, the protection or the improvement of the public health, safety, morals, or general welfare. In consequence, the bill did not represent a constitutional limitation and restriction upon rights otherwise guaranteed by the constitution. In the second place, House Bill No. 194 was, in our opinion, unconstitutional as an unlawful delegation of legislative power in respect to the provisions making the authority of the Board to fix prices in the barbering profession dependent upon the affirmative action of eighty-five (85%) per cent of the barbers in a particular county.

Senate Bill No. 64 does not contain the provisions of House Bill No. 194 which were subject to the second criticism mentioned. The first remains.

The fundamental question arising under House Bill No. 194 as to whether the Legislature may, as a legitimate object of the exercise of the police power, authorize the fixing of prices in the barber business, is the same in respect to Senate Bill No. 64.

Whether minimum prices may be fixed by the State Board of Barber Examiners of itself, or in response to a submission from a group of barbers in a county of this State, is immaterial upon the basic question of whether in any event the liberties of an individual guaranteed by the Constitution may be thus curtailed by the Legislature in the exercise of the police power of the State.

In consequence, it would appear to be repetitious for us to again discuss this subject exhaustively as was done in our Opinion No. O-830.

Legislation authorizing the fixing of prices in the barber business has never been before the courts of Texas. The courts in other states are not in agreement upon the question. Legislative acts involving the fixing of prices in the barber business have been held unconstitutional and void in the following cases, the citations of which are explanatory of their origin:

City of Mobile vs. Rouse, 233 Ala. 622, 173 Southern 266, 111 A.L.R. 349 (Six judges in agreement, one dissenting.)

Honorable L. J. Sulak, page 4

City of Mobile vs. Rouse, 27 Ala. App. 344, 173 Southern 254 (Two judges in agreement, one judge dissenting).

In re Kazas, 22 Calif. App. (2d) 161, 70 Pac. (2d) 962 (Opinion by full court).

State vs. Ivee, 123 Fla. 401, 167 Southern 394 (Four judges in agreement, two dissenting).

Duncan vs. City of Des Moines, 222 Iowa 218, 268 N.W. 547 (Opinion by full court).

In the following jurisdictions, such legislation has been held constitutional:

Herring vs. Arnold, 183 Okla. 392, 82 Pac. (2d) 977 (Five judges agreeing, three dissenting, one judge absent).

Board of Barber Examiners vs. Parker, 190 La. 214, 182 Southern 485 (On original hearing, Act held unconstitutional, four judges agreeing, three dissenting; on rehearing, Act held to be constitutional, five judges agreeing, two dissenting).

State vs. Fasekas, 223 Wis. 356, 269 N.W. 700, (Four judges agreeing, three dissenting).

State vs. McMasters (Minn.), 283 N.W. 767.

The opinion of this department upon the constitutionality of any bill proposed in the Legislature is, of course, only advisory in character. It does not have the force and effect of a judgment rendered by one of our courts. It is our conviction, however, that the statutes contemplate, and the Legislature desire our honest and considered judgment.

It is therefore the opinion of this Department that Senate Bill No. 64 is invalid. There is absent, in our opinion, the necessary and substantial relation between the method and means adopted by the Act and the protection of the public health or general welfare. A copy of our Opinion No. O-830 is enclosed, in which this question is exhaustively discussed in relation to House Bill No. 194 of the 46th Legislature. We re-affirm the

Honorable L. J. Sulak, Chairman, page 5

correctness of this Opinion and declare our opinion to be that
Senate Bill 64 is likewise unconstitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Zellie C. Steakley*
Zellie C. Steakley
Assistant

ZCS:js

APPROVED APR 4, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN